By the Court:
The action below was by the defendants in error against the plaintiffs in error, trustees, and one *148 Long, a supervisor, to enjoin the removal of fences on the line of a public road. On trial the circuit-court found facts as follows:
“First — That the road described in plaintiff s’petition was established by the county commissioners of Morrow county, Ohio, forty feet in width, and an order to open the same to that width issued by them to the trustees of Gilead township, prior to the 5th day of June, 1891.
“Second — That said trustees notified the supervisor of the road district, in which said road was located, to open the same forty feet in width.
“Third — That said supervisor notified the land owners along the line of said road, who are the plaintiffs in this action, to open said road forty feet in Width.
“Fourth — That in pursuance of such notification said plaintiffs constructed a worm rail fence, five feet in width, on each side of the center line of said road, twenty feet from said center line.
“Fifth — That the centers of said worm rail fence were placed on a line twenty feet from the center line of said road, thereby placing two and a half feet of the width of each of said worm fences within the bounds of said forty feet, so established by said county commissioners as such road.
“Sixth — That said worm fence was the ordinary fence used in .the neighborhood of said road, and was constructed as such fences usually are.
“Seventh — That said fences do not now interfere with public travel along and upon said road.”
And, as conclusions of law: ‘ ‘That said road was opened forty feet in width in compliance with the said order of the. county commissioners, and that the injunction herein should be made perpetual.” A decree was thereupon entered and a judgment *149 rendered against the defendants, as trustees, for costs.
We think the conclusion of law not warranted upon the facts found. The fences were, within the meaning of section 4715, Revised Statutes, “encroachments,” which it was the duty of the supervisor to cause to be removed, and it is not a suffi-' cient answer to say that the fences were ordinary fences and were constructed as such fences usually are, nor that the commissioners must be presumed to have established the road with reference to the usage as to fences, and must have expected that the ordinary fences used in the neighborhood would be constructed, nor that the fences do not now interfere with public travel. Section 4715, as originally enacted, enjoined on supervisors the duty of .removal of obstructions only. By the amendment of April 10, 1889 (86 O. L., 231), the words “all encroachments, by fences or otherwise,” were incorporated, leaving the language as to obstructions as before. This indicates that an encroachment need not necessarily be an obstruction, or interfere with public travel at the time.
The failure of the supervisor to prosecute error should not prevent the trustees from doing so effectually. The power is with them, as well as the duty, and an order to open the,road can be directed to the present supervisor.
Judgment reversed, and petition dismissed.